20227.33509

CLAYTON U. HALL/S.B. #88535
CATHERINE A. HALL/S.B. #322128
HALL, HIEATT & CONNELY, LLP
1319 Marsh Street, Second Floor
San Luis Obispo, CA 93401
Telephone: (805) 544-3830
Facsimile: (805) 544-5329
hall@hhc-slo.com
cahall@hhc-slo.com

Attorneys for Defendant,
SAN LUIS OBISPO INTERNATIONAL
FILM FESTIVAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>          Plaintiff,<br><br>vs.<br><br>SAN LUIS OBISPO INTERNATIONAL FILM FESTIVAL, INCORPORATED; and DOES 1-25, inclusive,<br><br>          Defendants. | No. 2:19-CV-9627 PSG (JCx)<br>*[Assigned to Honorable Philip S. Gutierrez]*<br><br>JOINT REPORT OF EARLY MEETING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f) AND CD-LR 26-1<br><br>Action Filed: November 8, 2019<br>Trial Date: None Set<br><br>Scheduling Conf.: March 23, 2020<br>Time: 2:00 p.m. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff JEFFERY R. WERNER and Defendant SAN LUIS OBISPO INTERNATIONAL FILM FESTIVAL, INC. participated in an initial conference of the parties on January 22, 2020, attended by Kelton Johnson, Esq., of Higbee & Associates for Plaintiff and by Catherine A. Hall, Esq., of Hall, Hieatt & Connely, LLP for Defendant. Discovery and case management plans were discussed, and the parties accordingly hereby submit their Joint Report of Early Meeting, pursuant to Federal Rules of Civil Procedure rule 26(f), Central District Local Rule 26-1, and this Court's Standing Order, as follows:

---

JOINT REPORT OF EARLY MEETING PURSUANT
TO F.R.C.P. 26(f) AND CD-LR 26-1                    1

I) **Discovery Plan:**

A. **Proposed Changes to Fed. R. Civ. Proc. Rule 26(a)**

The parties agree that no changes should be made to the form or requirement for disclosures under Fed. R. Civ. Proc. Rule 26(a). Defendant made its initial disclosures on January 31, 2020; Plaintiff is to make his initial disclosures on or before February 5, 2020.

B. **Discovery**

1. Scope and Subjects of Discovery

a. Plaintiff's Subjects:

Without prejudice to his rights to seek discovery on any other relevant issues, Plaintiff contemplates that he will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiff's liability claims.

b. Defendant's Subjects:

Without prejudice to their rights to seek discovery on other relevant issues, Defendant contemplates that it will need and seek discovery concerning: the basis of Plaintiff's claims, theories of liability and damages, Defendant's defenses to each, and any and all factual, evidentiary, and legal support. This will include, but not be limited to, Plaintiff's creation of the subject image, Plaintiff's obtainment of copyright in the subject image, and Plaintiff's licensing history of the subject image.

c. Agreed Upon Methods of Discovery:

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendant's employees, "person(s) most knowledgeable" under Fed. R. Civ. Proc. Rule 30(b)(6), and other relevant witnesses. The parties agree to electronic service of written discovery and responses.

2. Discovery Completion Dates

    a. Supplementations: Supplementations under Fed. R. Civ. Proc. Rule 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

    b. Discovery Cut-Off: All fact discovery shall be completed by all parties on or before November 20, 2020.

### C. Protocol for Electronically Stored Information

Disclosure or discovery of electronically stored information should be handled as follows:

1. Except upon request by the demanding party, all electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production.

2. If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as OCRed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

The parties agree to preserve electronically stored information which is believed to be relevant to this case.

### D. Procedures for Resolving Disputes Regarding Claims of Privilege

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the Court's further orders.

### E. Changes to Discovery Limitations

The parties agree that there is no need to conduct discovery in phases or be limited to or focused on particular issues. The parties do not request any changes in

the discovery limitations set forth in the Federal Rules of Civil Procedure or Local Rules.

### F. Other Orders

The parties do not presently request that the Court issue any other orders under Fed. R. Civ. Proc. Rule 26(c) or under Fed. R. Civ. Proc. Rule 16(b) and (c). The parties agree that they will stipulate to an order under Fed. R. Civ. Proc. Rule 26(c) should either party feel that the need for such an order has arisen or will arise upon production of certain information or documentation.

## II. Manual for Complex Litigation:

The parties agree that the case is not complex. The Manual for Complex Litigation will not be utilized.

## III. Dispositive Motions and Trial

### A. Anticipated Dispositive or Partially Dispositive Motions

The parties may consider bringing a dispositive or partially dispositive motion after the opportunity to conduct certain discovery.

### B. Motion Cut-Off Date

The parties propose that the cut-off date for filing dispositive motions be March 19, 2021.

### C. Trial Estimate and Date

The parties currently expect Trial to last five (5) full days. The parties presently anticipate the matter to be ready for Trial in or about May 17, 2021, or as soon thereafter as the Court deems appropriate.

## IV. Settlement and Alternative Dispute Resolution

Settlement is likely. The parties exchanged pre-litigation demands and offers, but remaining approximately $17,000 apart, they decided that each party needs the benefit of certain discovery at this point. The parties prefer to appear before a neutral selected from the Court's mediation panel so long as the neutral has experience with copyright law; alternatively, they are agreeable to private mediation. Regardless of the

manner of ADR, the parties propose that a mediation session occurs on or before March 26, 2021.

V. **Additional Parties**

The parties do not presently anticipate any additional parties being added to the case, although Plaintiff could decide later that it is necessary to add the specific person who posted the image on SLOIFF's website. The parties propose that the deadline for amending the First Amended Complaint to identify DOE defendants be July 1, 2020.

VI. **Proposed Expert Discovery Schedule**

The parties will disclose the identities of expert witnesses that each party may use at Trial to present evidence, and any written report from such an expert witness required under Rule 26(a)(2)(B), by December 18, 2020. Rebuttal expert reports will be due by January 22, 2021. All expert discovery shall commence so as to be completed by February 26, 2021.

Dated: February 5, 2020

HIGBEE & ASSOCIATES

KELTON JOHNSON
Attorney for Plaintiff,
JEFFERY R. WERNER

Dated: February 5, 2020

HALL, HIEATT & CONNELY, LLP

CLAYTON U. HALL
CATHERINE A. HALL
Attorneys for Defendant,
SAN LUIS OBISPO INTERNATIONAL FILM FESTIVAL, INC.

|   |   |
|---|---|
| 1 | |
| 2 | **PROOF OF SERVICE**<br>**[C.C.P. §§1013, 2015.5]** |

Pursuant to California Code of Civil Procedure §§1013(a)(3) and 2015.5, I declare:

I am a resident of the State of California. I am over the age of eighteen years and I am not a party to the within entitled action. I am employed by the Law Firm of Hall, Hieatt & Connely, LLP, and my business address is 1319 Marsh Street, Second Floor, San Luis Obispo, California.

On February 5, 2020, I served the within **JOINT REPORT OF EARLY MEETING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f) AND CD-LR 26-1** on the interested parties as follows:

**Attorneys for Plaintiff:**
Mathew K. Higbee, Esq.
Kelton Johnson, Esq.
Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
Telephone: (714) 617-8331
Facsimile: (714) 597-6729
mhigbee@higbeeassociates.com

✓ **By Mail.** I caused each envelope addressed to the office of the person(s) listed above, with postage thereon fully prepaid as first class mail, to be collected for same day deposit according to the firm's practice and procedure to be placed in the United States Mail at San Luis Obispo, California.

___ **By Personal Service.** I caused such document(s) to be delivered by hand to the office of the person(s) listed above.

___ **By Overnight Delivery.** I caused such document(s) to be delivered by OnTrac Overnight/Federal Express courier service to the office of the person(s) listed above.

___ **By Facsimile Transmission.** I caused such document(s) to be delivered by facsimile transmission to the facsimile number(s) of the person(s) listed above and that transmission was reported as complete and without error.

✓ **By Email or Electronic Transmission:** Based on a Court order or an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from email address bmorris@hhc-slo.com to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

✓ **Federal.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

///

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on February 5, 2020, at San Luis Obispo, California.

_____
BONNIE A. MORRIS